### BERAN *v.* TRADESMAN'S NAT. BANK OF NEW YORK *et al.*

(*Supreme Court, General Term, First Department.* March 31, 1892.)

APPEAL—REVIEW—DECISION ON FORMER APPEAL.

An appellate court, on a second appeal, will not examine *de novo* questions which were decided on the first appeal, unless it is shown that material facts are different from what they appeared to be on the first appeal.

Appeal from special term, New York county.

Action by Joseph Beran against the Tradesman's National Bank of New York and another on an assigned claim for an interest in real estate. From a judgment in favor of plaintiff, defendant bank appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Niles & Falls*, (*W. W. Niles*, of counsel,) for appellant.   *Vanderpoel, Cuming & Goodwin*, (*Henry Thompson*, of counsel,) for respondent.

O'BRIEN, J.   This action has been twice tried, and the facts proved upon both trials are substantially identical.   Upon the first trial a judgment was rendered dismissing the complaint upon the merits.   Upon appeal the general term reversed the judgment by a decision reported in 10 N. Y. Supp. 678. The last trial resulted in favor of the plaintiff for the judgment here appealed from.   The action is brought to enforce an equitable assignment arising out of the following facts:   In May, 1880, Michael Duffy was suing the Tradesman's Bank, and Berry, the cashier thereof, to obtain a deed of 12 houses and lots upon receiving from him a bond and mortgage for the balance of the purchase price of the lots and advances.   As will be seen from the agreement between Duffy and the plaintiff's assignor, the value of this claim was fixed at about $40,000, which was disputed by the bank.   On May 27, 1880, Duffy executed and delivered to one Adolf Klaber an assignment of the claim to the extent of $10,000.   On June 7, 1880, Klaber assigned to the plaintiff the interest in the claim which he had acquired by virtue of the assignment from Duffy.   Shortly afterwards the plaintiff duly notified the bank and the attorneys for Duffy of both these assignments, and informed them that upon any payment or assignment of the claim the sum of $10,000 was to be paid to the plaintiff, and upon his receipt.   In October, 1882, while the action to enforce the claim was still pending, the bank paid Duffy $6,000, whereupon the suit was discontinued.   The present action is brought to recover the $10,000 interest in Duffy's claim against the bank which was assigned by Duffy to Klaber, and subsequently by Klaber to the plaintiff.   This court will not examine *de novo* questions which have been once passed upon, and, unless other facts are now made to appear, the former decision is controlling, and should be followed.

The difference in the facts claimed to be material, so far as the appellant is concerned, relates to the absence of an affidavit of Duffy, which was put in evidence by the bank upon the first trial, and upon this was omitted, and which was referred to by the general term in its opinion as showing that the settlement of Duffy's claim, actually effected, was something more than merely buying the bank's peace.   Here, however, the order of discontinuance entered by consent recites that it is entered upon a settlement of the action.   In some other particulars this case is stronger in favor of the respondent, in that no denial of the notice of assignment is made; and proof was offered to support the finding as a fact that Duffy was indebted to Klaber in the sum of $10,000 when he assigned his claim to that extent to him.   We do not see that the record, as now presented, alters in any material aspect the facts upon which the former decision was based.   In construing the assignment from Duffy to Klaber the court held that, even in the absence of evidence showing that the bank did aught in settling with Duffy but buy its peace, nevertheless "the payment of money by the bank on the claim to buy its peace, by reason of which the suit was discontinued, was a settlement, within the meaning of the assignment."   It was further held that, notice of the assignment having been given, the assignee could maintain an action directly against the bank for his part of moneys paid by it to Duffy in settlement of the claim; the assignee never having consented that such portion should first go into the hands of Duffy. · Apart, therefore, from the questions which are presented in regard to the admission or exclusion of evidence, and the exceptions to the findings as found, and to

the refusals to find, the former decision is controlling upon the questions pre-
sented upon this appeal. It is not necessary for us to go over in detail each
and every exception taken by the appellant to the rulings of the trial judge.
With the former decision for his guide, he tried the case upon the lines of
that decision; and, after examination of the exceptions and the argument of
counsel for the appellant, we do not find any error which would justify our
disturbing the judgment. We are therefore of opinion that it should be af-
firmed, with costs.

VAN BRUNT, P. J., concurs. PATTERSON, J., concurs in result.